[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Petitioner alleges his imprisonment is illegal because 1) he received ineffective assistance of counsel. (trial and appellate); 2) he was denied due process of law and a fundamentally fair trial as guaranteed by both the state and CT Page 4699 federal constitution owing to the trial court's instructional errors and prosecutorial misconduct.
Our Supreme Court in State v. McIver, 201 Conn. 559,561, 562 (1986) accepted the following facts which this Court also finds:
 The jury could reasonably have found the following facts: On December 30, 1983, at approximately 3:00 a.m., the defendant met the victim at the corner of Edgewood Avenue and Garden Street in New Haven. The victim, a prostitute, was sitting with three other women at the time. She asked the defendant if he knew where she could get some marijuana. The defendant replied that he did and offered to take the victim to a place where she could obtain it. During their conversation, the victim agreed to perform fellatio on the defendant in return for a specified sum of money. The defendant told her that they could go to his car, which he had parked in a nearby parking lot. Upon passing the lot, however, the victim became concerned and informed the defendant that she wished to go back. When she attempted to walk away, the defendant grabbed her from behind and told her that he would stab her if she screamed.
 The defendant then forced the victim to continue walking with him to a four story house on Carlisle Street in New Haven. The defendant brought the victim to the back of the building and pushed her down a stairway into an empty room in the basement, where he forced her to undress and lie on her coat. The defendant found $180 in the pocket of the victim's pants, which he took and placed in his own pocket. He then proceeded to assault the victim sexually. Thereafter, the defendant took the victim to an apartment on Davenport Avenue in New Haven. When the defendant fell asleep, the victim took the keys to the apartment and fled. She then encountered a police officer on the street and informed him that she had been sexually assaulted. Two other officers were dispatched to the scene, and the victim took them to the apartment on Davenport Avenue where she had left the defendant sleeping. The police found the defendant at the apartment along with some belongings of the victim. Both the victim and the defendant were transported to the police station where the defendant was placed under arrest. CT Page 4700
The first issue raised was the failure of both trial and appellate counsel to press the speedy trial motion under Sec.54-82c and 54-82d. This Court found that the last day for commencing trial was July 17, 1984. Both the state's attorney and the petitioner's attorney testified they were aware of this and both were prepared to commence the trial (i.e. start the voir dire).
Both counsel agreed that it was in their respective interests to first have a hearing and ruling on the petitioner's motion to dismiss for the warrantless arrest in this case. They agreed it would have been dispositive. Both counsel acquiesced in the continuance for this purpose. The court concurred declaring them "on trial" and continued the motion argument. The motion was heard and denied and jury selection commenced forthwith.
This Court finds there was a necessary and reasonable continuance — for good cause shown in open court. Craig vs. Bronson, 202 Conn. 93, 97 (1987).
Further the petitioner was released from prison on July 10, 1984 so 54-82c probably did not apply. He was held after that date on a (pre-trial) detainer.
For the above reasons neither trial nor appellate counsel were ineffective because the speedy trial issue was moot.
The petitioner's claims that the trial court's failure to charge on circumstantial evidence, drawing inferences and proof beyond a reasonable doubt are without merit.
Both trial counsel and appellate counsel felt the charge as a whole reflected the state of the law. This Court agrees.
This Court further found that the prosecutor's remarks in final argument were not misconduct. They were permissible and accepted by trial counsel, appellate counsel and this Court as merely argument.
The petitioner's objection to the Court's mention of equipoise in the charge was neutralized by the charge as a whole.
The petitioner objects to the Court's failing to charge on the credibility and consent of the victim because she was a prostitute. No law has been presented to support that, Demass v. State, 209 Conn. 143 (1988), is raised but it is CT Page 4701 not in point. A prostitute is competent and credible. In this case the jury was aware of the victim's profession and was more than qualified to judge her credibility and consent.
The questions of trial counsel's competence have been treated in this opinion and his conduct probably did not effect the outcome. Petitioner did not sustain his burden.
There was more than enough to convict the petitioner and he is not entitled to the relief of habeas corpus or relief of any kind.
DUNN, J.