[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS ZBA APPEAL WHICH SEEKS INJUNCTIVE RELIEF
On May 19, 1993, the plaintiff, Lois H. Simpson, brought a one-count complaint against the defendant the Zoning Board of Appeals, City of Milford ("Zoning Board") and the Department of Transportation, State of Connecticut ("Department of Transportation"). In her complaint the plaintiff appeals a decision by the defendant Zoning Board granting a variance application filed by the defendant Department of Transportation regarding certain property owned by the plaintiff. The plaintiff's complaint alleges the following facts. The defendant, Department of Transportation, filed an application to vary the front yard setback of the plaintiff's property in connection with plans to widen the road located in front of the property. On April 13, 1993, a public hearing was held and the application was heard before the defendant Zoning Board. On April 15, 1993, the application was granted by the defendant Zoning Board. In her prayer for relief, the plaintiff seeks reversal of the Zoning Board's decision, a rehearing before the Zoning Board, costs and an injunction against the widening of the road.
On July 23, 1993, the defendant filed a motion to dismiss paragraph four of the plaintiff's prayer for relief in which the CT Page 9274 plaintiff seeks an injunction on the ground that injunctive relief is not available under General Statutes 8-8, and thus, the court lacks subject matter jurisdiction over the plaintiff's prayer for injunctive relief. The plaintiff has filed a memorandum in opposition to the motion to dismiss.
A motion to dismiss "properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. Lewis v. Gaming Policy Board, 224 Conn. 693, 698,620 A.2d 780 (1993). "In determining whether the court has subject matter jurisdiction, every presumption favoring jurisdiction shall be indulged." Miko v. Commissioner on Human Rights Opportunities,220 Conn. 192, 198, 596 A.2d 396 (1991). "Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. Craig v. Bronson, 202 Conn. 93, 101, 520 A.2d 155 (1987).
"Appeal from administrative agencies exist only under statutory authority." Chestnut Realty, Inc. v. Comm. on Human Rights 
Opportunities, 201 Conn. 356, 514 A.2d 749 (1986). General Statutes8-8 provides the jurisdictional authority prerequisite to hearing this appeal.
"The court, after a hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." General Statutes 8-8(1).
The defendants contend in their memorandum of law in support of their motion to dismiss that General Statutes 8-8 does not authorize the court to issue injunctive relief in administrative appeals and thus the court lacks subject matter jurisdiction over the action. "The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it." Bridgeport v. Debek, 210 Conn. 175, 180, 554 A.2d 728 (1989). Under General Statutes 8-8 the superior court may hear the present zoning appeal and thus has "competence to entertain the action before it." Inasmuch as the court has subject matter jurisdiction over this action, the defendants' motion to dismiss is denied.
Clarance J. Jones, Judge CT Page 9275