[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION TO DISMISS AND STAY PROCEEDINGS
CT Page 6904
The parties to this dissolution action were married in New York City, New York, on March 21, 1979. Both the plaintiff, Liba Icahn, and the defendant, Carl C. Icahn, resided in the state of New York almost continuously with the exception of approximately one year when the defendant resided in Greenwich, Connecticut and the plaintiffs recent move to Connecticut in November of 1998. The parties have been involved in contentious divorce proceedings in New York for the past five years. There is a divorce action brought by the defendant pending in Westchester County, New York. Much of what has transpired between the parties over the past five years is not relevant to the two main issues raised by the defendant's motion to dismiss the Connecticut action. The two relevant issues are: (1) whether this court has subject matter jurisdiction; and (2) whether Connecticut is an inconvenient forum.[1]
In Amodio v. Amodio, 247 Conn. 724, 727-28, ___ A.2d ___(1999), the Supreme Court reviewed
 the distinction between a trial court's "jurisdiction' and its "authority to act' under a particular statute. Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. 1 Restatement (Second), Judgments § 11. A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. Monroe v. Monroe, 177 Conn. 173, 185, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S.Ct. 20, 62 L.Ed.2d 14 (1979). Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. Craig v. Bronson, 202 Conn. 93, 101, 520 A.2d 155 (1987). It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged. Connecticut Light Power Co. v. Costle, 179 Conn. 415, 420-21 n. 3, 426 A.2d 1324 (1980). (Internal quotation marks omitted.)
"An action for dissolution of a marriage obviously is a civil action. Smith v. Smith, 150 Conn. 15, 19, 183 A.2d 848 (1962). The Superior Court has exclusive jurisdiction of all complaints CT Page 6905 seeking a dissolution of marriage. General Statutes § 46b-42. Section 46b-44 establishes a residency requirement, satisfaction of which is essential to confer on the court subject matter jurisdiction over a dissolution action." (Internal quotation marks omitted.) Charles v. Charles, 243 Conn. 255, 257,701 A.2d 650 (1997), cert. denied, ____ U.S. ___. 118 S.Ct. 1838, 140 L.Ed.2d (1998). General Statutes § 46b-44 provides in pertinent part:
 (a) A complaint for dissolution of a marriage or for legal separation may be filed at any time after either party has established residence in this state. (b) Temporary relief pursuant to the complaint may be granted in accordance with sections 46b-56 and 46b-83 at any time after either party has established residence in this state. (c) A decree dissolving a marriage or granting a legal separation may be entered if: (1) One of the parties to the marriage has been a resident of this state for at least the twelve months next preceding the date of the filing of the complaint or next preceding the date of the decree.
The plaintiff in this case established residence in Stamford, Connecticut in November of 1998 and filed the present dissolution action at that time. The court, pursuant to General Statutes § 46b-44, has jurisdiction and the authority to enter a judgment after the plaintiff has resided in this state for one year next preceding the date of the complaint." Based on the statutes, this court has subject matter jurisdiction over this dissolution action.
In reliance on Fahy v. Fahy, 227 Conn. 505, 515, 630 A.2d 1328
(1993), the defendant argues that "if a trial court cannot render a decision on one of the elements of the mosaic, it cannot effectively construct the remainder of the mosaic." The defendant posits that this court cannot render judgment on the issues of child support, custody, or alimony based on the Uniform Child Custody Jurisdiction Act (UCCJA) and the Uniform Interstate Family Support Act (UTFSA). The present case is one in which the plaintiff seeks dissolution of the marriage. Child support, custody, and spousal support are claims raised by the plaintiff in her prayer for relief. The parties have lived apart for approximately five years and the plaintiff has had custody of the minor child who attends a private boarding school in Wallingford, Connecticut. Custody does not appear to be a disputed issue and should it become one, the defendant can then raise dismissal of CT Page 6906 the custody aspect of this case. As to support, both child and spousal, there were orders of support issued by the state of New York. It is unclear to this court whether such orders are currently effective.
The defendant's second ground for the motion to dismiss is that even if the court determines that Connecticut has jurisdiction, it should choose not to exercise such jurisdiction because this state would be an inconvenient forum. "As a rule, when a court finds it has jurisdiction over a cause of action, it has both the right and the duty to exercise that power." Sabinov. Ruffolo, 19 Conn. App. 402, 405, 562 A.2d 1134 (1989). "As a common law matter, the doctrine of forum non conveniens vests discretion in the trial court to decide where trial will best serve the convenience of the parties and the ends of justice." (Internal quotation marks omitted.) Union Carbide Corporation v.Aetna Casualty Surety Co., 212 Conn. 311, 319, 562 A.2d 15
(1989).
 [A] plaintiff's choice of forum should rarely be disturbed. However, when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiffs convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems, the court may, in the exercise of its sound discretion, dismiss the case. (Internal quotation marks omitted.) Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419
(1981), reh. denied, 455 U.S. 928, 102 S.Ct. 1296, 71 L.Ed.2d 474 (1982).
 [T]he overriding inquiry in a forum non conveniens motion is not whether some other forum might be good one, or even a better one than the plaintiffs chosen forum. The question to be answered is whether [the] plaintiffs chosen forum is itself inappropriate or unfair because of the various private and public interest considerations involved. Carlenstolpe v. Merck Co., 638 F. Sup. 901, 909 (S.D.N.Y. 1986), appeal dismissed, 819 F.2d 33 (2d Cir. 1987). Accordingly, the trial court, in exercising its structured discretion, should place its thumb firmly on the plaintiffs side of the scale, as a representation of the strong presumption in favor of the plaintiff's chosen forum, before attempting to balance the private and public interest factors relevant to a forum non CT Page 6907 conveniens motion. (Internal quotation marks omitted.) Picketts v. International Playtex. Inc., supra, 215 Conn. 501-02.
The Connecticut Supreme Court has referred to the analytical guidelines stated in Gulf Oil Cornoration v. Gilbert,330 U.S. 501, 67 S.Ct. 839, 91 L.Ed 1055 (1947), in applying the doctrine of forum non conveniens.
 Important considerations [of private interests] are the relative ease of access to sources of proof availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. Id., 508.
 Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself. Id., 508-09.
 It bears emphasis, however, that these guidelines begin with the proposition that the trial court's exercise of its discretion may be reversed only upon a showing of clear abuse . . . . It bears equal emphasis that federally crafted guidelines do not impose binding directives upon our Connecticut common law, but rather should be viewed as illuminating the variety of competing private and public considerations that a trial court must weigh in the balance as it determines whether dismissal for forum non conveniens CT Page 6908 is warranted. Union Carbide Corporation v. Aetna Casualty Surety Co., supra, 212 Conn. 319.
 [T]he central principle of the forum non conveniens doctrine [is] that unless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed (Emphasis added.) Gulf Oil Corporation v. Gilbert, supra, 508; Manu International, S.A. v. Avon Products, Inc., 641 F.2d 62, 65 (2d Cir. 1981), Although it would be inappropriate to invoke rigid rule to govern discretion; Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); it bears emphasis that invocation of the doctrine of forum non conveniens is a drastic remedy; Hemmelgarn v. Boeing Co., 106 Cal.App.3d 576, 580, 165 Cal.Rptr. 190 (1980); which the trial court must approach with caution and restraint. The trial court does not have unchecked discretion to dismiss cases from a plaintiff's chosen forum simply because another forum, in the court's view, may be superior to that chosen by the plaintiff Pain v. United Technologies Corporation, 637 F.2d 775, 783
(D.C. Cir. 1980), cert. denied, 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981). Although a trial court applying the doctrine of forum non conveniens must walk a delicate line to avoid implicitly sanctioning forum-shopping by either litigant at the expense of the other; id., 784 it cannot exercise its discretion in order to level the playing field between the parties. The plaintiffs choice of forum, which may well have been chosen precisely because it provides the plaintiff with certain procedural or substantive advantages, should be respected unless equity weighs strongly in favor of the defendant. Corrigan v. Bjork Shiley Corporation, 182 Cal.App.3d 166, 176, 227 Cal.Rptr. 247 (1986); see Manu International S.A. v. Avon Products, Inc., supra, 65. (Internal quotation marks omitted.) Picketts v. International Playtex. Inc. supra, 215 Conn. 500-01.
This court has considered the private and public interests presented in this case as well as whether the plaintiffs filing of the action here in Connecticut is, as the defendant argues, forum shopping and concludes that the plaintiffs choice of Connecticut as a forum will not be disturbed. The arguments presented by both sides address the fact that the plaintiff in this action, the defendant in the New York action, has had an issue decided against her in New York and that is the core of the reasoning for the plaintiffs move to Connecticut to file the CT Page 6909 present action. The parties entered into a prenuptial agreement which the plaintiff claimed she entered into under duress and further claimed that the prenuptial agreement was unconscionable and for these reasons should not be enforced. The New York trial court found that a six year statute of limitations for contract actions was applicable to the prenuptial agreement. The Appellate Division of the Supreme Court of New York upheld the trial court's ruling. The plaintiff did not appeal that decision and argues that it is not necessary for her to do so until final judgment enters, which has not yet occurred. The defendant vehemently disagreed with the issue of the finality of the New York judgment arguing that the plaintiff has lost her opportunity to appeal. This court has considered all of the arguments presented by both the plaintiff and defendant and does not find the defendant's argument persuasive on the issue of forum non conveniens and forum shopping. When and if the court is presented with the prenuptial agreement, it will have the opportunity to consider the issue of the finality of the New York judgment as well as the other issues raised in the arguments in support of the motion to dismiss.
The defendant's motion to dismiss or stay is denied.
Harrigan, J.