[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action by plaintiffs who allege that they are inmates housed at Radgowski C.I. This is not a petition for habeas corpus in which plaintiffs have alleged some violation of their rights under the Constitution of the State of Connecticut or the United States. It is a class action suit brought against the commissioner of correction seeking money damages, punitive damages and other relief.
Defendant has moved to dismiss the action.
The motion to dismiss is the correct pleading to assert a lack of jurisdiction over the subject matter. Connecticut Practice Book §10-31(1). "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it." Craig v. Branson, 202 Conn. 93, 101 (1987).
The state can only act through its officers and agents. For this reason, an action against a state employee in his official capacity is in effect an action against the State of Connecticut. Fetterman v.University of Connecticut, 192 Conn. 539, 550 (1984). Plaintiffs have alleged an action against the commissioner of correction in his capacity as a state officer perform a duty of his office, providing adequate drinking water at a facility under his control. This then is an action against the State of Connecticut.
The state cannot be sued without its consent. Fetterman v. Universityof Connecticut, supra, 192 Conn. 550-51. This doctrine of sovereign CT Page 14184 immunity protects the state from unconsented to litigation as well as unconsented to liability. Shay, et al v. Rossi, et al, 253 Conn. 134, 166
(2000). Since this action is barred by the doctrine of sovereign immunity, the court lacks jurisdiction over the subject matter of the action and the motion to dismiss must be granted.
Accordingly, the motion is granted and the action is dismissed.
___________________ Joseph J. Purtill, JTR CT Page 14185