PAUL G. MARESCA *v*. TOWN OF RIDGEFIELD
(12531)

DUPONT, C. J., and O'CONNELL and SPEAR, Js.

Argued March 25—decision released July 22, 1994

*William M. Laviano,* for the appellant (plaintiff).

*Robyn L. Sondak,* for the appellee (defendant).

SPEAR, J. The plaintiff appeals from the judgment of the trial court dismissing his complaint for lack of subject matter jurisdiction. He claims that the trial court improperly (1) found that he must exhaust his administrative remedies before filing suit for damages in the trial court, and (2) held that he had abandoned his 42 U.S.C. § 1983 civil rights claim by failing to brief the issue in a memorandum in opposition to the defendant's motion to dismiss. We reverse the judgment of the trial court.

In February, 1987, the plaintiff was hired by the defendant town of Ridgefield as its data center manager. In August, 1991, after receiving a poor performance evaluation from his supervisor, the plaintiff was placed on probation. In December, 1991, his employment was terminated. The plaintiff retained counsel and sought a reinstatement hearing before the board of selectmen (board) pursuant to § 8.4 of the town charter.[1] At the outset of the first hearing, it was determined that the purpose of the reinstatement hearing was to determine whether there was just cause to terminate the plaintiff's employment. The hearings were extended over eight months due to scheduling delays and the illness and eventual death of one of the four board members. A new selectman was appointed, but he declined to participate in further proceedings, thus leaving three members to continue the hearings. During this protracted delay, the plaintiff sought new employment. In October, 1992, he accepted a new job

---

[1] Section 8.4 of the Ridgefield town charter provides that the first selectman may remove those individuals that he has appointed as administrative officers. It further provides that "[s]uch action may be appealed to the board of selectmen which will hold a hearing within thirty (30) days."

at a lower salary that required him to relocate to Berlin. Thereafter, the plaintiff withdrew his reinstatement request.

The plaintiff then filed suit in the Superior Court alleging breach of contract, wrongful discharge, breach of the implied covenant of good faith and fair dealing, and a violation of 42 U.S.C. § 1983. He sought damages as his relief and made no claim for reinstatement. The defendant moved to dismiss the complaint, arguing that the trial court lacked subject matter jurisdiction because the plaintiff had failed to exhaust his administrative remedies. The trial court granted the motion to dismiss, finding that, although the plaintiff was not obliged to appeal his termination to the board, once he chose to do so, "he was required to exhaust this remedy prior to commencing an action in the Superior Court." This appeal ensued.

I

The plaintiff claims that the trial court improperly found that he was required to exhaust his administrative remedies prior to filing a suit for damages in the Superior Court, and improperly found that the board was authorized to award money damages as well as the relief of reinstatement.

" 'It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter.' "[2] *Polymer Resources,*

---

[2] We analyze the plaintiff's claim in light of the common law as we conclude that the Uniform Administrative Procedure Act (UAPA), General Statutes §§ 4-166 to 4-189, is not applicable to this case. The UAPA provides a statutory framework within which an appeal from an administrative *agency* may be taken. An "agency" is defined by General Statutes § 4-166 (1) as "each state board, commission, department or officer authorized by law to make regulations or to determine contested cases, but does not include either house or any committee of the general assembly, the courts, the council on probate judicial conduct, the governor, lieutenant

*Ltd.* v. *Keeney,* 227 Conn. 545, 557, 630 A.2d 1304 (1993); *LaCroix* v. *Board of Education,* 199 Conn. 70, 83–84, 505 A.2d 1233 (1986); *Connecticut Mobile Home Assn., Inc.* v. *Jensen's, Inc.,* 178 Conn. 586, 588, 424 A.2d 285 (1979); *McNish* v. *American Brass Co.,* 139 Conn. 44, 53, 89 A.2d 566 (1952), cert. denied, 344 U.S. 913, 735 S. Ct. 336, 97 L. Ed. 704 (1953). "We must examine the complaint to determine whether the [plaintiff was] required to exhaust an administrative remedy before the Superior Court could entertain this action. Whether prior recourse to the agency will be required will depend on the injury alleged and the administrative remedy available." (Internal quotation marks omitted.) *Savoy Laundry, Inc.* v. *Stratford,* 32 Conn. App. 636, 640, 630 A.2d 159, cert. denied, 227 Conn. 931, 632 A.2d 704 (1993). In his complaint, the plaintiff sought money damages in excess of $15,000 for, inter alia, wrongful discharge and breach of contract, but he did not seek reinstatement.

We conclude that the exhaustion doctrine does not control on the facts presented here. "There is no question that the law recognizes exceptions to the exhaustion doctrine in situations in which resort to the administrative remedy available to a party would be futile or inadequate. See, e.g., *Griswold* v. *Union Labor Lee Ins. Co.,* 186 Conn. 507, 519, 442 A.2d 920 (1982); *Connecticut Mobile Home Assn., Inc.* v. *Jensen's, Inc.,* [supra, 178 Conn. 589]; *State ex rel. Golembeske* v. *White,* 168 Conn. 278, 282, 362 A.2d 1354 (1975); *Bianco* v. *Darien,* 157 Conn. 548, 554, 254 A.2d 898 (1969)." *Silverman* v. *New Haven,* 19 Conn. App. 360, 365, 562 A.2d 562, cert. denied, 212 Conn. 812, 565

governor or attorney general, or town or regional boards of education, or automobile dispute settlement panels established pursuant to section 42-181." The board of selectmen of the town of Ridgefield does not meet the statutory definition of an agency and therefore this appeal is not governed by the UAPA.

A.2d 537 (1989); see also *Labbe* v. *Pension Committee,* 229 Conn. 801, 812, 643 A.2d 1268 (1994). Here, the remedy provided by the town charter was *inadequate* because the only relief it authorized the board to grant an aggrieved employee was reinstatement. No administrative remedy was available authorizing the board to award money damages. The trial court's reliance on General Statutes § 7-12[3] as statutory authority granting the board the power to award damages is misplaced. Although § 7-12 generally authorizes boards of selectmen to adjust and settle all claims, it is not part of the charter's administrative remedy. Thus, the plaintiff's only recourse to recover the wages he lost was to file suit in the Superior Court.

Moreover, the administrative remedy of reinstatement was futile. Futility is more than a mere allegation that the board might not grant the relief requested. *Concerned Citizens of Sterling* v. *Sterling,* 204 Conn. 551, 560, 529 A.2d 666 (1987). "[W]e have held that the failure to exhaust an administrative remedy is permissible only when the administrative remedy would be *useless.*" (Emphasis added.) Id. Two events transpired that made the remedy of reinstatement useless: eight months passed without a resolution of the plaintiff's claim for reinstatement, and the plaintiff, who could no longer afford to remain unemployed, was forced to accept a new position and relocate to another town. The plaintiff, therefore, was no longer in a position to accept reinstatement even if it had been offered to him by the board.

As the exhaustion doctrine does not apply, the Superior Court has subject matter jurisdiction. "Subject matter jurisdiction involves the authority of a court to

---

[3] General Statutes § 7-12 provides in pertinent part that the board "shall superintend the concerns of the town, *adjust and settle all claims against it and draw orders on the treasurer for their payment. . . .*" (Emphasis added.)

adjudicate the type of controversy presented by the action before it." *Craig* v. *Bronson,* 202 Conn. 93, 101, 520 A.2d 155 (1987). "The source of a court's jurisdiction is 'the constitutional and statutory provisions by which it is created.' *C.S.E.A., Inc.* v. *Connecticut Personnel Policy Board,* 165 Conn. 448, 456, 334 A.2d 909 (1973)." *Demar* v. *Open Space & Conservation Commission,* 211 Conn. 416, 425, 559 A.2d 1103 (1989). The constitution of Connecticut, article fifth, § 1, as amended by article XX, § 1, of the amendments and General Statutes § 51-164s confer jurisdiction on the Superior Court for *all causes of action.* Thus, the Superior Court has jurisdiction to entertain the plaintiff's cause of action for money damages.

We conclude that the trial court improperly found that the plaintiff was required to exhaust the appeal process provided in the town charter prior to exercising his right of action for damages in the Superior Court.

## II

The plaintiff also claims that the trial court improperly concluded that he had abandoned the fourth count of his complaint alleging a constitutional violation[4] for failure to brief that claim in his opposition to the defendant's motion to dismiss. The defendant's motion to dismiss was based solely on the plaintiff's failure to exhaust his administrative remedies. The plaintiff's failure to brief his § 1983 civil rights claim in his opposition to the motion to dismiss is not an abandonment of that claim as we have concluded that the exhaustion doctrine does not control here. The Superior Court

---

[4] The plaintiff alleged the violation of his due process rights under the fourteenth amendment to the United States constitution and requested damages and attorney's fees pursuant to 42 U.S.C. § 1983.

has subject matter jurisdiction, and all counts of the plaintiff's complaint, including his § 1983 claim, remain to be resolved.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.