[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#102)
David Harting for plaintiff.
James Welsh for defendant.
The plaintiff, Robert Radocchio, filed a one count complaint on March 17, 1994, alleging that the defendant, Commissioner of the Department of Mental Retardation of the State of Connecticut, wrongfully withheld backpay to which the plaintiff was entitled pursuant to an arbitrator's award in violation of General Statutes §§ 31-70 through 31-72. Pursuant to General Statutes § 31-72, the plaintiff seeks, inter alia, money damages of twice the amount of wages due, costs, attorneys fees and interest on the unpaid wages.
On May 13, 1994, the defendant filed a motion to dismiss the plaintiff's complaint based on lack of subject matter jurisdiction, for failure to exhaust administrative remedies.
As required by Practice Book § 143, the defendant has filed a memorandum in support of her motion to dismiss, accompanied by the affidavit of Connie Stanley, an Assistant Agency Personnel Administrator with the Department of Mental Retardation, and documentary evidence. The plaintiff has timely filed a memorandum in opposition.
The motion to dismiss is the "proper vehicle for claiming any lack of jurisdiction in the trial court."Upson v. State, 190 Conn. 622, 624-25 n. 4, 461 A.2d 991
(1983). A motion to dismiss "admits all well-pleaded facts, the complaint being construed most favorably to the plaintiff." American Laundry Machine Co., Inc. v.State, 190 Conn. 212, 217, 459 A.2d 1031 (1983). The motion "shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Tammv. Burns, 222 Conn. 280, 282 n. 2, 610 A.2d 590 (1992). "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." Maresca v. Fairfield,35 Conn. App. 769, 771, ___ A.2d ___ (1994). CT Page 10290
Section 31-72 provides in relevant part: "[W]here an employee or a labor organization representing an employee institutes an action to enforce an arbitration award which requires an employer to make an employee whole . . . such employee or labor organization may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between him and his employer for payment of wages other than as specified in said sections shall be no defense to such action."
Section 31-72 "merely provides an enhanced remedy for the collection of wages. It does not embody substantive standards to determine the amount of wages that are payable but provides penalties in order to deter employers from deferring wage payments once they have accrued." Shortt v. Milford Police Dept., 212 Conn. 294,309, 562 A.2d 7 (1989).
The plaintiff, however, is required to exhaust administrative remedies "antecedent to [exercising] his statutory right under § 31-72." Id., 304. Contrary to the plaintiff's argument in opposition to defendant's motion to dismiss, "the statute's inclusion of a remedy for enforcement of an arbitration award demonstrates that the legislature understood the collection of wages to be a proper subject for arbitration under a collective bargaining agreement." Id., 305.
The defendant argues that the plaintiff has failed to exhaust administrative remedies for two reasons: (1) the plaintiff requested that the arbitrator retain jurisdiction over the calculation of back pay; and (2) the plaintiff subsequently filed a claim with the Connecticut State Board of Labor Relations.
The plaintiff has not exhausted his administrative remedies. In his complaint, the plaintiff alleges that he obtained an arbitration award on December 23, 1993, requiring the defendant to make the plaintiff whole, including the payment of back wages. The plaintiff alleges that he is owed the sum of $69,601.81, which the plaintiff further claims is not disputed by the defendant. CT Page 10291
In a situation where a plaintiff did not go through the grievance procedure, the Connecticut Supreme Court commented, "In oral argument before this court, the defendant acknowledged that, if the plaintiff had pursued his grievance and prevailed therein with respect to his wage claim, he would then have been entitled to collect the enhanced remedy of double wages provided by General Statutes § 31-72 because the collective bargaining agreement provided for resolution of disputes arising out of applicable employment law." Shortt v. Milford PoliceDept., supra, 212 Conn. 310 n. 17.
The plaintiff in this case concedes that the parties continue to disagree "regarding such matters as personal leave time and payment for holiday time and other matters contained in the arbitration award." (Complaint, para. 5).
The affidavits and documentation submitted by both parties indicate that one of the matters they disagree about is the treatment of interim earnings. In his affidavit, the plaintiff admits that the defendant did pay the plaintiff an amount $20,000 less than $69,601.81.
The defendant's supporting documentation shows that the arbitrator's jurisdiction lasted for 60 days after her decision, "in order to resolve any disputes relating to the remedy." The sixty day period would have ended on February 24, 1994. However, Attachment B of Connie Stanley's affidavit shows that before the period ended, the plaintiff requested that the arbitrator "retain jurisdiction in this matter beyond February 24, 1994."
Plaintiff argues that defendant is required to pay all wages, or parts thereof, conceded by her to be due within the time limits prescribed by statute. However, the evidence submitted shows that the defendant actually does dispute the $69,601.81 figure.
While the plaintiff has filed an action under § 31-72
in Superior Court to obtain any wages conceded to be due him by the defendant, the evidence presented shows that the plaintiff has simultaneously requested further arbitration to settle the exact amount. The plaintiff CT Page 10292 alleges in his complaint that the amount is undisputed, but the plaintiff's own affidavit shows that there is indeed a dispute. In this case the court would either be dealing with an amount that may subsequently be decreased by the arbitrator's resolution of the matter, or be forced to interpret the award phrase "make whole" while the arbitrator is resolving that same issue at the request of the parties. Therefore, because this matter is still pending before the arbitrator, the plaintiff has failed to exhaust his administrative remedies, and the trial court therefore lacks subject matter jurisdiction to hear the case.
PICKETT, J.