[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT NO. 106
On November 5, 1992, the plaintiff, Nancy Sekor, filed a two count complaint seeking damages arising out of her position as a tenured teacher within the Ridgefield Public School System.
The first count alleges a violation of General Statutes, Sec.31-51q, in that the Ridgefield Board of Education ("defendant"), through its agents, "affirmed and condoned violations of plaintiff's First Amendment rights and her rights to free speech CT Page 8235 under Article First of the Connecticut State Constitution. . . ."
According to the plaintiff, the defendant ascribed to a "profanity rule" that the plaintiff from "allowing a student from using the word `Damn' in a story about the Yukon."
The plaintiff alleges' that the defendant affirmed and adopted the actions of Marcia Street, a House Administrator of the defendant, in enforcing a restriction stated to the plaintiff in plaintiff's "official written teacher observation." The plaintiff alleges that the observation stated that:
 Under no circumstance should a teacher in a public school initiate discussion or dwell on religious themes particularly from the New Testament. . . . It is generally common knowledge among public school teachers that a historical context is the only acceptable one in which one may teach religious concepts in the classroom.[1]
The plaintiff alleges that the restrictions set forth in the observation "are chilling of First Amendment and State Constitution free speech rights of plaintiff, students, and other teachers in the Ridgefield Public Schools"; and that on August 29, 1992, the restrictions were approved by the defendant's counsel "and propounded against the plaintiff in support of her termination of employment."
Furthermore, the plaintiff alleges that if the restrictions which have been published in the local newspapers are allowed to stand, they will:
 a. chill plaintiff's First Amendment right of Free Speech in that they are overbroad and vague;
 b. chill the rights of teachers and students to speak and receive ideas because they are overbroad and vague;
 c. violate the stated educational mission and policy of the Ridgefield Board of Education which declares that classrooms are limited public forums;
 d. unconstitutionally entangle the Board in favoring one religion over others by particularly discriminating against religious concepts mentioned in the New Testament, in violation of the establishment clause of the First Amendment. CT Page 8236
(Complaint, dated October 26, 1992, par. 12.)
Finally, the plaintiff alleges in the first count that Mary Capwell, the plaintiff's supervisor during the pertinent period of time when the alleged violations occurred, failed to retract the restrictions in the plaintiff's observations and personnel files after admitting that the restrictions were improper. The plaintiff alleges that Capwell's actions in failing to retract the restrictions were "malicious, intentional and the breach of a non-discretionary duty to plaintiff," thereby damaging her reputation.
The second count incorporates the first count in its entirety, and further alleges that "[t]he application of overbroad rules and policies to plaintiff and the use of said rules and policies in supporting her termination is arbitrary, irrational," and (1) deprives the plaintiff of her right to freedom of speech and from religious entanglement by the government; (2) constitutes a due process violation, and (3) violates the free speech provisions of article first of the Connecticut state constitution.
On January 22, 1993, the defendant filed an answer. By way of six special defenses to counts one and two of the plaintiff's complaint, the defendant alleges that (1) the present action is "vexatious and oppressive, and subject to abatement due to the Court's lack of subject matter jurisdiction" due to a similar lawsuit seeking similar relief pending in the United States District Court between the same parties; (2) based on the first special defense, if the District Court should render judgment prior to the entry of judgment in the present case, the present action would be barred pursuant to the doctrines of collateral estoppel and res judicata; (3) the plaintiff's complaint "fails to state a claim upon which relief may be granted" because the actions of the defendant's agents or employees were not taken pursuant to any policy or custom of the defendant; (4) the present action is barred by the doctrine of governmental immunity and General Statutes, Secs. 52-577n(a) and (b)5, (5) the present action is barred by the operation of General Statutes, Secs. 7-101a
and 7-465(a) due to the plaintiff's failure to file a notice of intent to commence this action within six months after it accrued; and (6) should a termination panel convene pursuant to General Statutes, Sec. 10-151, render a decision adverse to the plaintiff, the present action would be barred pursuant to the CT Page 8237 doctrines of collateral estoppel and res judicata.
On January 19, 1995, the defendant filed a motion for summary judgment against both counts of the plaintiff's complaint on the grounds that: (1) since these issues may be raised in an administrative appeal pursuant to General Statutes, Sec. 10-151, the court lacks subject matter jurisdiction; (2) "the plaintiff has no right to `academic freedom' under the First Amendment to the United States Constitution or under the free speech clauses of the Connecticut constitution", and (3) the plaintiff has suffered no adverse employment action as required by General Statutes, Sec. 31-51q.
The defendant has filed a memorandum of law, along with the affidavits of Mary Capwell, Jeffrey Hansen (Superintendent of Schools) and Adeline Merrill (House Administrator), and 44 other exhibits in support of its motion. The plaintiff has filed a memorandum of law, along with her own affidavit, in opposition to the defendant's motion.
A motion for summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Barrett v. Danbury Hospital, 232 Conn. 242, 250, ___ A.2d ___ (1995). "A material fact is simply a fact which will make a difference in the result of the case." Genco v. Connecticut Light Power Co., 7 Conn. App. 164, 167, 508 A.2d 58 (1986). "[T]he burden of proof is on the moving party. . . ." State v. Goggin,208 Conn. 606, 616, 546 A.2d 250 (1988). "`To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'" Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1989), quoting Dougherty v. Graham,161 Conn. 248, 250, 287 A.2d 382 (1971). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Barrett v.Danbury Hospital, supra, 232 Conn. 250. "Issue finding, rather than issue determination, is the key to the procedure." Yanow v.Teal Industries, Inc., 178 Conn. 262, 269, 422 A.2d 311 (1979).
I. GENERAL STATUTES, SEC. 10-151(f)
"Section 10-151 sets forth procedures for notice to the teacher and hearing before an impartial panel on a failure to CT Page 8238 renew or termination of a contract, as well as the right to appeal the decision to the superior court." Meehan v. East LymeBoard of Education, 9 CSCR 366 (April 11, 1994, Hendel, J.). Subsection (f) of that statutory section provides for a right of appeal and states:
 Any teacher aggrieved by the decision of a board of education after a hearing as provided in subsection (d) of this section may appeal therefrom, within thirty days of such decision, to the superior court. Such appeal shall be made returnable to said court in the same manner as is prescribed for civil actions brought to said court. Any such appeal shall be a privileged case to be heard by the court as soon after the return day as is practicable. The board of education shall file with the court a copy of the complete transcript of the proceedings of the hearing held by the board of education or by an impartial hearing panel for such teacher, together with such other documents, or certified copies thereof, as shall constitute the record of the case. The court, upon such appeal, shall review the proceedings of such hearing and shall allow any party to such appeal to introduce evidence in addition to the contents of such transcript, if it appears to the court that additional testimony is necessary for the equitable disposition of the appeal. The court, upon such appeal and after a hearing thereon, may affirm or reverse the decision appealed from. Costs shall not be allowed against the board of education unless it appears to the court that it acted with gross negligence or in bad faith or with malice in making the decision appealed from.
In its supporting memorandum, the defendant argues that the plaintiff claims that the defendant terminated her employment because of her free speech activities. The defendant argues, however, that the plaintiff has, in part, raised these claims in her administrative appeal pursuant to General Statutes, Sec.10-151. Therefore, the defendant postulates that because the plaintiff must exhaust her remedies pursuant to General Statutes, Sec. 10-151 before instituting the present action, the court lacks jurisdiction over the subject matter of her complaint.
The plaintiff counters in her opposition memorandum that General Statutes, Sec. 31-51q provides for a greater scope of damages than that of a General Statutes, Sec. 10-151 appeal. Therefore, the plaintiff argues that since General Statutes, Sec. CT Page 823910-151 does not provide a complete or adequate administrative remedy, the court has subject matter jurisdiction over the present action.
Additionally, the plaintiff maintains that "since the legislature specifically added public employees to 31-51q, most of whom have various administrative or arbitral remedies to them, it could not have intended that 10-151 was an exclusive remedy for public school teachers."
"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." Craig v. Bronson, 202 Conn. 93, 101,520 A.2d 155 (1987). A lack of jurisdiction may be raised at any time. Id. Where a court must decide whether it has subject matter jurisdiction over a particular action, every presumption favoring jurisdiction should be indulged. Killingly v. Connecticut SitingCouncil, 220 Conn. 516, 522, 600 A.2d 752 (1991).
An adequate administrative remedy must be exhausted before the Superior Court will obtain jurisdiction over the action.Cannata v. Department of Environmental Protection, 215 Conn. 616,622, 577 A.2d 1017 (1990). Where "`a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test.'" LaurelPark, Inc. v. PAC, 194 Conn. 677, 685, 485 A.2d 1272 (1984), quoting Carpenter v. Planning Zoning Commission, 176 Conn. 581,598, 409 A.2d 1029 (1979). In making this threshold determination, the court must examine the complaint to ascertain whether the party is required to exhaust an administrative remedy before bringing an independent action to the Superior Court.Maresca v. Town of Ridgefield, 35 Conn. App. 769, 772, ___ A.2d ___ (1994). "`Whether prior recourse to the agency will be required will depend on the injury alleged and the administrative remedy available.'" Id.
Attached to the defendant's motion is the affidavit of Jeffrey Hansen, who incorporates by reference a copy of the plaintiff's complaint from her administrative appeal. A perusal of that complaint reveals that the plaintiff is contesting the termination of her employment. Although the plaintiff makes one reference to the exercise of her first amendment right to free speech, the substance of her complaint alleges wrongful discharge predicated upon alleged irregularities and violations of the CT Page 8240 administrative process.
In the present case, the plaintiff is not seeking to contest the termination of her employment, but rather to recover for alleged violations of her first amendment rights pursuant to General Statutes, Sec. 31-51q. Since the plaintiff's claim is not a challenge to her termination, the doctrine of exhaustion of administrative remedies does not apply and the court has jurisdiction to hear this action. See, e.g., Cahill v. Board ofEducation, 187 Conn. 94, 444 A.2d 907 (1982) (where teacher's action does not challenge her termination but seeks to enforce an agreement collateral to her employment contract, the teacher may enforce her contractual rights through an independent action);Maresca v. Town of Ridgefield, supra, 35 Conn. App. 773 (where an administrative remedy authorizes reinstatement, but not money damages, the remedy is inadequate and the exhaustion doctrine does not apply); Snyder v. Waterbury Board of Education, Superior Court, Judicial District of Waterbury, No. 121828 (August 30, 1994, Sylvester, J.) (where a plaintiff does not challenge his termination, but seeks to enforce a separate agreement, the exhaustion doctrine does not apply).
II. GENERAL STATUTES, SEC. 31-51q
"Section 31-51q creates a statutory cause of action for infringement of an employee's constitutional right of free speech." Mirto v. Laidlaw Transit, Inc., 8 CSCR 531 (April 26, 1993, Stanley, J.).
General Statutes, Sec. 31-51q provides, in part, that:
 Any employer, including the state and any instrumentality or political subdivision thereof, who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge . . . .
The defendant argues, inter alia, that the school administration reserves the right to require that teachers adhere CT Page 8241 to established curriculum and to criticize teachers for exercising poor educational judgment even if such criticism relates to content of instruction or the grade-level appropriateness of such instruction. The defendant postulates that the plaintiff "can assert no facts to support the conclusion that Principal Capwell's alleged criticism of the plaintiff for allowing a student to use an expletive was unreasonable or pedagogically unsound." The defendant further argues that the plaintiff has failed to show that she suffered an adverse employment decision arising out of her discussion of religious themes.
Conversely, the plaintiff argues in opposition that whether the activities of the plaintiff served as a substantial motivating factor in her termination is a factual question best left for the trier of fact to decide.
"In order to establish a violation of Sec. 31-51q, one must prove, among other things, `that the exercise of herfirst amendment rights did not substantially or materially interfere with her bona fide performance or with the working relationship between the employee and the employer.'" Clarkson v. GreentreeToyota Corporation, Superior Court, Judicial District of Danbury, Docket No. 311823 (May 31, 1994, Moraghan, J.), quoting Vince v.Worrell, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 319386 (July 14, 1992, Schaller, J.).
Attached to the defendant's motion is the affidavit of Mary Capwell, who states, in part:
 Ms. Sekor was not the subject of any adverse employment action as a result of her discussion of religious themes. . . .
(Affidavit of Mary Capwell, par. 28, dated January 12, 1995.)
The plaintiff has attached her own affidavit to her opposition memorandum, wherein she recites, in part, that:
 Although I had been on intensive assistance prior to January 17, 1992, the reviews of the program were favorable. All of a sudden, after this incident, Mrs. Capwell, Mrs. Street and others who supervised me, including Paul Hazel, assistant Superintendent, became CT Page 8242 abusive, removed me from the classroom in English only, and then suspended me. I believe that a substantial motivating factor in this change in attitude towards me was the incident regarding the actions of Ms. Street.
 One reason I believe that the incident was a substantial motivating factor in my discipline and discharge is the failure of the principal, the superintendent or legal counsel to remove the censure from my record, its submission of it as a cause of termination to the hearing panel, and its begrudging withdrawal from that hearing, only because Mr. Laviano was seeking an injunction to accomplish that in federal court.
(Affidavit of Nancy Sekor, pars. 11 and 12, dated February 17, 1995.)
A review of the rival affidavits in this case reveals that a genuine issue of material fact exists as to whether the plaintiff's activities "substantially or materially" interfered with her job performance or with the working relationship between the plaintiff and the defendant, a key component in determining whether the defendant may be exempt from liability pursuant to General Statutes, Sec. 31-51q.
Since "`summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions.'" Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 111, 639 A.2d 507 (1994), quoting Batick v. Seymour,186 Conn. 632, 646-47, 443 A.2d 471 (1982); the defendant's motion is denied.
Stodolink, J.