[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Robert Laviana, was hired as a police officer for the City of Waterbury in 1970. On January 28, 1980, the Waterbury Retirement Board approved his application for disability pension, finding the plaintiff to be "totally and permanently disabled".
The plaintiff sought reinstatement to the police force in 1992 but that was denied after a hearing before the retirement board in 1993. Plaintiff's appeal to Superior Court from the retirement board's decision was subsequently sustained by the court (Vertefeuille, J.) in 1995.
Thereafter the retirement board decided the plaintiff should be returned to his former position. The plaintiff was informed by the Waterbury Director of Personnel, however, that he was no longer being considered for the position of police officer. The plaintiff then commenced this action seeking a writ of mandamus and monetary damages.
The defendants have moved to dismiss the action, claiming the court lacked subject matter jurisdiction because the plaintiff had failed to exhaust his administrative remedies by not appealing the Director of Personnel's decision to the Civil Service Commission pursuant to Chapter 1, § 6 of the Civil Service Rules and Regulations.
In this case, however, the plaintiff contends that neither the Director of Personnel nor the Civil Service Commission had jurisdiction to deny the plaintiff's application for reinstatement after it was approved by the retirement board. CT Page 4095-A
The plaintiff alleges the Waterbury City Charter § 3333 provides "[the] board of police commissioners shall have the power of appointment and removal of officers and members of said police department." He asks the court to find that the Director of Personnel did not have the authority to deny his reinstatement application.
The plaintiff's complaint is therefore not about the actions of the director of personnel, which may be reviewed by the Civil Service Commission, but rather that the director examined into the matter at all. Thus review by the Civil Service Commission is not relevant to the plaintiff's claim.
Finally, the plaintiff seeks a writ of mandamus and money damages. No administrative remedy exists to award monetary compensation in this instance and the plaintiff has no other recourse but to appeal to Superior Court. See Marseca v.Ridgefield, 35 Conn. App. 769, 773 (1994).
For the foregoing reasons, defendant's motion to dismiss is denied.
McDONALD, J.