[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The respondent has filed a motion to dismiss the pending delinquency petition on the grounds that the court lacks jurisdiction over the person and the subject matter of this action. Specifcally, the respondent asserts that, since the delinquent act was allegedly committed by him after he had CT Page 8886 reached the age of 16, he may not be prosecuted in the superior court for juvenile matters. The state claims that the pending action is properly before this court because the court has continuing jurisdiction to enforce orders of probation issued against the respondent that extend beyond his sixteenth birthday. The court agrees with the respondent that it lacks subject matter jurisdiction over this matter.
The respondent was born on January 23, 1982 and reached the age of sixteen on January 23, 1998. On December 12, 1997, he was adjudicated delinquent and placed on probation until June 12, 1998. A number of orders were issued by the court as part of respondent's probation, including orders to reside at home, obey a curfew, attend programs set up by probation and not use illegal substances. A warrant was signed by the court on April 7, 1998 alleging that the respondent violated probation through various acts committed between January 30, 1998 and April 6, 1998. All of the alleged acts occurred after the respondent's sixteenth birthday.
"`Subject matter jurisdiction involves the authority of a court to adjudicate the types of controversy presented by the action before it.' Craig v. Bronson, 202 Conn. 93,101,520 A.2d 155 (1987)." Maresca v. Ridizefield, 35 Conn. App. 769, 774,647 A.2d 751 (1994). "'Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created."' Andre Ansaldi Co. v. Planning Zoning Commission,207 Conn. 67, 73, 540 A.2d 59 (1988) (Shea, J., concurring), quoting C.S.E.A., Inc. v. Connecticut Personnel Policy Board,165 Conn. 448, 456, 334 A.2d 909 (1973).
In order to determine whether the court has subject matter jurisdiction over this proceeding the court must look to the statutes governing juvenile matters. Section 46b-121 of the General Statutes provides that "juvenile proceedings in the criminal session include all proceedings concerning delinquent children in the state." "Child" is defined as "any person under sixteen years of age." General Statutes § 46b-120 (1). Delinquent is defined as a violation of any federal, stale, municipal or local law, other than an ordinance regulating behavior of a child from a family with service needs, and a violation of any order of the superior court. General Statutes § 46b-120(5).
The language of the statute plainly limits the court's CT Page 8887 jurisdiction to delinquent acts committed by persons prior to their sixteenth birthday. See also Practice Book Sec. 26 — which defines child as any person whose delinquent act occurred prior to the person's sixteenth birthday. The respondent, having attained the age of sixteen, is no longer a child as defined by the statutes governing juvenile matters. The respondent can not be brought before the superior court for juvenile matters for delinquent acts alleged to have occurred after his sixteenth birthday.
The state cites Practice Book Sec. 26-1 as support for its position that the juvenile court has continuing jurisdiction past the respondent's sixteenth birthday to enforce probation orders. That section which defines probation simply states that a child placed on probation is subject to the continuing jurisdiction of the court. It says nothing about whether that jurisdiction extends beyond a child's sixteenth birthday.
Moreover, a court's subject matter jurisdiction may only be established by statute, not by provisions in the Practice Book.State v. Carey, 222 Conn. 299, 307 (1992). General Statutes § 51-14 (a) authorizes the judges of the Superior court to promulgate rules "regulating pleading, practice and procedure in judicial proceedings" and specifically states that "such rules shall not abridge, enlarge or modify any substantive right nor the jurisdiction of any of the courts."
It is important to note that the state will not be left without a remedy for the alleged violation of probation in this case by dismissal of this proceeding.[1] Any person who disobeys any order of a judicial authority in the course of a juvenile proceeding may be punished for criminal contempt. Practice Book Sec. 1-15. See also General Statutes § 51-33a. The state is free to proceed by way of information in adult court charging the respondent with criminal contempt and seeking a fine or imprisonment or both. Practice Book Sec. 1-18.
The pending delinquency petition is hereby dismissed for lack of subject matter jurisdiction.
By the court
Judge Jon M. Alander