[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The respondent father has orally moved to dismiss the pending termination of parental rights (TPR) petition on the grounds that the court lacks subject matter jurisdiction due to a lapse in the commitment of the child to the Department of Children and Families (DCF). The state claims that an inadvertent lapse in the legal authority for a commitment of a child after the commencement of a TPR trial does not deprive the court of subject matter jurisdiction. The court agrees with the state that under the circumstances of this case it retains subject matter jurisdiction over this matter.
Chantay C., who is now two years old, has been in the custody of DCF since April 8, 1996, five days after her birth. At that time, DCF obtained an order of temporary custody from the court, Sequino, J. DCF also filed a neglect petition claiming that Chantay C. was being denied proper physical care and attention. On May 16, 1996, the court, Sequino, J., committed Chantay C. to the care and custody of DCF for a period not to exceed twelve months based on the court's finding that the child had been neglected.
On May 28, 1997, the court, Brenneman, J., granted an extension of the commitment, retroactive to May 16, 1997, through May 16, 1998. The court also found that continued efforts to reunify Chantay C. with her parents were not appropriate.
On July 31, 1997, DCF filed the subject petition seeking the termination of parental rights of the respondents. A trial of the TPR petition commenced on March 4, 1998. The trial was scheduled to continue on April 9, 1998. However, the attorney for the respondent father subsequently requested a continuance which was granted by the court on April 8, 1998.
On May 16, 1998, the commitment of Chantay C. to DCF inadvertently lapsed. On May 21, 1998, DCF filed with the court an order for temporary custody together with a new neglect petition. The court, Jones, J., granted the order of temporary custody that same day.
The respondent father asserts that the court lost subject matter jurisdiction over the termination of parental rights petition when the child's commitment to DCF accidentally lapsed. He claims that General Statutes § 17a-112 (a) requires that a child be in the custody of DCF for the court to retain CT Page 1985 jurisdiction over a TPR action.
"`Subject matter jurisdiction involves the authority of a court to adjudicate the types of controversy presented by the action before it.' Craig v. Bronson 202 Conn. 93, 101,520 A.2d 155 (1987)." Maresca v. Ridgefield 35 Conn. App. 769, 774,647 A.2d 751 (1994)." Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created." Andrew Ansaldi Co. v. Planning Zoning Commission207 Conn. 67, 73, 540 A.2d 59 (1988) (Shea, J., concurring), quoting C.S.E.A., Inc. v. Connecticut Personnel Policy Board165 Conn. 448, 456, 334 A.2d 909 (1973).
In order to determine whether the court continues to have subject matter jurisdiction over this proceeding the court must look to the statutes governing the termination of parental rights. Section 17a-112a of the General Statutes authorizes the filing of a petition for the termination of parental rights when a child is "in the custody of the Commissioner of Children and Families in accordance with Section 46b-129." Section 46b-129
empowers the court to vest custody of a child in DCF either through an order of temporary custody or through a twelve (12) month commitment.
In this case, DCF complied with the provisions of Section 17a-112a because Chantay C. was in its custody pursuant to a commitment at the time the petition for the termination of parental rights was initially filed. In fact, Chantay C. has continuously been in the physical custody of DCF for over two years. There was simply an inadvertent five day lapse in the legal authority for DCF's custody. That accidental lapse did not serve to deprive the court of subject matter jurisdiction to decide a pending termination of parental rights petition in which trial had already commenced. See In re John G., Superior Court, Child Protection Session at Middletown, 1997 WL 816497 (November 14, 1997) (Dyer J.) in which the court held that the inadvertent lapse in legal custody did not deprive the court of subject matter jurisdiction to decide a termination of parental rights.
This view finds support in related statutory provisions and the public policy underlying abuse and neglect matters. Section17a-112 (f) of the General Statutes authorizes DCF to file a petition for the termination of parental rights at the same time it files a neglect or uncared-for petition. The legislature by CT Page 1986 enacting this statutory provision clearly contemplated and sanctioned the consideration by the court of TPR petitions in situations where the child is not in the custody of DCF.
Moreover, since the court previously determined that efforts to reunify Chantay C. with her parents were no longer appropriate, the court is mandated by Section 46b-129 (e) to move promptly to determine her permanent placement, whether that placement be a return to one of her parents or placement with another appropriate individual. Recognition of the father's claim that the court now lacks subject matter jurisdiction would undermine the legislative desire for an expeditious decision on a permanent placement. "We have been properly forewarned of the well recognized harm to children caused by delayed hearings.` Children cannot wait for years for a determination that they should be returned to their natural parents [or] placed permanently in an adoptive home . . . The delays that are annoying for adults . . . can permanently damage children and their families . . . [Courts] should give highest priority to, and set rapid hearing schedules for, cases where delays will harm children irreparably . . .'" (Citations omitted.) Pamela B. v.Ment, 244 Conn. 296, 314 (1998).
Nothing would be gained and much would be lost by aborting the ongoing TPR trial and requiring DCF to start from scratch. Even if the court were to agree with father's position and dismiss the TPR petition, the child would not be placed in his care in light of the granting of the order of temporary custody. A dismissal will only serve to further delay a determination of the TPR petition. That determination has been delayed far too long already.
The respondent's motion to dismiss is hereby denied.
ALANDER, J.